UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-cr-101-JMS-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| SUSAN FRUITS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cr-00101-JMS-TAB |
| | ) | |
| SUSAN FRUITS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Susan Fruits seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 43. For the reasons explained below, her motion is **denied**.[1]

### I.   Background

In March 2021, Ms. Fruits—who was represented by retained counsel—filed a petition to enter a guilty plea. Dkt. 11. Her plea and sentencing hearing occurred in July 2021. Dkt. 36. After pleading guilty, Ms. Fruits was convicted of one count of bank fraud and one count of mail fraud. Dkt. 38. In pleading guilty, Ms. Fruits stipulated that, while working as a bank branch manager, she withdrew more than $180,000 from accounts without authorization. Dkt. 27 at 2. She also stipulated that, while serving as trustee of three accounts for the children of her deceased friend, she spent money in the counts for unauthorized expenses. *Id.* When the children inquired as to how much money was in their accounts, she sent them fraudulent bank statements purporting to show that the accounts had balances of more than $40,000, when in fact the balances were zero. *Id.* at

---

[1] Ms. Fruits filed two motions. Dkts. 43, 45. They appear to be identical except that one document is supported by exhibits filed under seal and the other is supported by exhibits filed in the public record, but with redactions. For ease of reference, the Court cites only to   dkt 43.

2

2–3. The Court sentenced Ms. Fruits to concurrent 36-month sentences of imprisonment and two years of supervised release. *Id.* The Court also ordered her to pay $315,568.79 in restitution. *Id.*

Ms. Fruits represents that she self-surrendered to the Bureau of Prisons ("BOP") in September 2021. Dkt. 43 at 2. According to the BOP website, Ms. Fruit's anticipated release date (with good-conduct time included) is December 12, 2023. *See* https://www.bop.gov/inmateloc/ (last visited June 10, 2022).

Ms. Fruits—who is still represented by the retained counsel who represented her in the underlying criminal proceeding—has filed a motion for compassionate release. Dkt. 43. The Court concludes that it does not need a response from the United States to address the issues raised by this motion.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Ms. Fruits contends that extraordinary and compelling reasons warrant release in her case because her age (47) and medical conditions (including obesity, hypertension, pre-diabetes, high cholesterol, carotid artery pseudoaneurysm, and obstructive sleep apnea) increase her risk of experiencing severe symptoms if she contracts COVID-19. Dkt. 43. But she has not carried her burden to show extraordinary and compelling reasons warranting release. She agreed to plead guilty in March 2021 and was sentenced in July 2021—at which point the Court was well aware of Ms. Fruits's age and medical conditions, *see* dkt. 37 at 9, and the dangers the COVID-19 pandemic presents for people with such conditions. The Court was not bound by a statutory mandatory minimum sentence but still determined that a sentence of 36 months was appropriate. On these specific facts, the possible health risk Ms. Fruits faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release her.

And, even if Ms. Fruits had been sentenced before the COVID-19 pandemic began, the Seventh Circuit has repeatedly affirmed that the risk an inmate faces from COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A)(i) unless the inmate shows that she cannot "receive or benefit from a vaccine." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Ms. Fruits admits that she has been fully vaccinated (including a booster shot received while in BOP custody), dkt. 43 at 10, and she has not come forward with any evidence suggesting that she is unable to benefit from that vaccination or receive

4

any future boosters that become necessary.[2] Thus, she has not shown that extraordinary and compelling reasons warrant release under § 3582(c)(1)(A)(i).

Regardless, even if Ms. Fruits had shown extraordinary and compelling reasons potentially warranting release under § 3582(c)(1)(A)(i), the Court would deny her motion because the § 3553(a) factors weigh against release.[3] The Court fully considered the § 3553(a) factors less than a year ago when it sentenced Ms. Fruits. At that time, it determined that a 36-month sentence was appropriate. Since then, nothing of substance has changed except for the fact that Ms. Fruits has now served a small portion of her sentence. Too little time has passed for the Court to conclude that the § 3553(a) factors now weigh in support of release. Notably, Ms. Fruits abused her position

---

[2] Ms. Fruits "contends that she is unable to benefit from a vaccine due to a decreased immune response brought on by her weight." Dkt. 43 at 10. She cites some sources suggesting that people who are immunocompromised may need additional vaccine doses and/or may not have as robust an immune response as those who are not immunocompromised, but none of those sources list obesity as a condition that renders one "immunocompromised," nor do they show that immunocompromised people receive no benefit from the vaccine. *See* https://www.cdc.gov/mmwr/volumes/71/wr/mm7107e2.htm (CDC report recommending additional COVID-19 vaccine doses for immunocompromised people, where "immunocompromised" is defined as "solid malignancy, hematologic malignancy, rheumatologic or inflammatory disorder, other intrinsic immune condition or immunodeficiency, or organ or stem cell transplant"); https://www.nytimes.com/2021/08/18/health/covid-cdc-boosters-elderly.html (New York Times article reporting that some experts recommend COVID-19 booster shots for immunocompromised people without defining "immunocompromised"); and https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/immuno.html (CDC website stating that, if "you are moderately or severely immunocompromised . . . your immune response to COVID-19 vaccination may not be as strong as in people who are not immunocompromised" and linking to another CDC website that gives examples of conditions that make a person moderately or severely immunocompromised, none of which are obesity or any other condition that Ms. Fruits suffers from, *see* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/immuno.html#mod).

[3] The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

to steal hundreds of thousands of dollars, betrayed the trust of a dying friend, and she is not due to be released for about a year and a half. Given that she has served barely a year of her sentence, releasing her now would be a significant reduction.[4] Accordingly, the Court concludes that releasing Ms. Fruits now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; or afford adequate deterrence to criminal conduct. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Ms. Fruits's motion for compassionate release, dkts. [43] and [45], is **denied**.

**IT IS SO ORDERED.**

Date: 6/14/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

---

[4] Ms. Fruits asserts that, even though she has served only about eight months of her sentence, after accounting for certain time credits under the First Step Act to which she claims entitlement, she has effectively served at least ten-and-half months. Dkt. 43 at 15. It is not clear if the anticipated release date listed on the BOP's website reflects those credits, but—even if it does not and she may be released in October 2023 instead of December 2023—the conclusion remains the same: given the relative shortness of her sentence, releasing her more than a year early would be a significant sentence reduction.